# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SMITH, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> COMMONWEALTH OF ) <br> PENNSYLVANIA; ATTORNEY ) <br> GENERAL OF THE STATE OF ) <br> PENNSYLVANIA; THE DISTRICT ) <br> ATTORNEY OF ALLEGHENY ) <br> COUNTY, and TOM McGINLEY, ) <br> Superintendent of SCI Coal Township, ) <br> ) <br> Respondents. ) | 2:16-cv-0583 <br> Electronic filing <br><br> Judge David Stewart Cercone |

## MEMORANDUM OPINION AND ORDER

Joseph Smith, ("Smith" or "Petitioner"), proceeding pro se, initiated this lawsuit on May 10, 2016, with the filing of a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), challenging his 2005 conviction and judgment for second degree murder, kidnapping, burglary, and conspiracy. The case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

In his petition, Smith raises four grounds for relief, each with multiple sub-claims, all premised on the alleged ineffective assistance of trial counsel, appellate counsel, and/or PCRA counsel. Respondents filed their Answer on September 26, 2016 (ECF No. 17), in which they argue that each of the claims in the petition are procedurally defaulted and that the claims cannot be saved by relying upon *Martinez v. Ryan*, 566 U.S. 1 (2012), to cover the default. Petitioner filed a 30-page Reply on October 25, 2016. (ECF No. 22).

Almost a year later, on October 17, 2017, Petitioner filed a Motion for Leave to File Supplemental Petition, with a brief in support (ECF Nos. 26 and 27), to which Respondents filed a brief in opposition. (ECF No. 29). On November 18, 2017, the magistrate judge filed a Memorandum Opinion and Order denying the motion. (ECF No. 30). Petitioner has filed objections to the memorandum opinion (ECF No. 31) and Respondents have filed a response to those objections. (ECF No. 33).

**Standard of Review**

A party in a case referred to a magistrate judge may object to a decision by the magistrate judge and appeal the decision to a district court regardless of whether the decision concerns a dispositive or nondispositive issue. The standard of review applied by a district court judge considering objections to a magistrate judge's decision, however, depends upon whether the matter before the magistrate judge was dispositive or nondispositive. Under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), a party within fourteen (14) days of entry of an order about a <u>nondispositive</u> matter by a magistrate judge may file objections to the order. The district judge must modify or set aside any part of an order about a nondispositive matter if it is clearly erroneous or contrary to law "A finding of fact is 'clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed'." *Beck v. Maximus, Inc.,* 457 F.3d 291, 295 (3d Cir. 2006) (quoting *United States v. Igbonwa,* 120 F.3d 437, 440 (3d Cir. 1997)). "A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp.2d 162, 164 (D.N.J. 1998). "The district court is bound by the clearly erroneous rule in findings of facts; the phrase 'contrary to law' indicates plenary review as to matters of law."

*Haines v Liggett Grp, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). The United States Court of Appeals for the Third Circuit "discern[s] no difference between the plenary and de novo standards of review." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 264 n.30 (3d Cir. 2014).

Under Rule 72(b)(2) and (3) and 28 U.S.C. § 636(b)(1)(B), a party within fourteen days of the entry by a magistrate judge of a report and recommendation about a <u>dispositive</u> matter may file objections to the report and recommendation. The district court must review de novo any part of a magistrate judge's report and recommendation to which a proper objection is made.

In the case at bar, the distinction between a nondispositive or dispositive matter is not relevant because decisions made as a matter of law are subject to de novo review regardless of whether the magistrate judge's decision was about a nondispositive or dispositive matter.

**Discussion**

This case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), which imposes a one-year statute of limitations on state prisoners seeking to file habeas claims in federal court. 28 U.S.C. § 2254(d)(1). Here, it is not contested that Smith filed a timely habeas petition; rather, what is contested is whether Smith should be allowed to supplement his petition with new claims after the expiration of the one-year AEDPA statute of limitations.

Smith's original petition raises four grounds for relief, each with multiple sub-parts, all alleging ineffective assistance of counsel. *See* ECF No. 1-1, Statement of Claims for Relief. Smith now seeks to amend his petition to include a claim of "cumulative prejudice," which has twelve sub-claims, premised on new claims of ineffectiveness of counsel, as follows:

(a) Eight of the twelve sub-claims are premised on counsel's failure to "investigate and obtain discoverable evidence" such as cell phone records, security videotape recordings, and interview potential witnesses (ECF No. 26, paragraphs (a)-(h));

(b) Two of the sub-claims appear to be reiterations of claims that have been brought in the original petition (*id.* at paragraphs (j) and (l)) and Respondents have addressed those claims in their Answer (ECF No. 17 at 40-46);

(c) One sub-claim is premised on trial counsel's failure to object during a sidebar to the trial judge's "biased predicated on abandonment of the judge's duty and Pa.R.Evid. 403" (ECF No. 26, paragraph (i)); and

(d) One sub-claim is premised on counsel's failure to object during the prosecutor's closing arguments to references made to Smith's post-arrest silence.

With the exception of sub-claims at paragraph (j) and (l), the remaining ten sub-claims are new claims.

As the magistrate judge noted, the United States Court of Appeals for the Third Circuit recently discussed the standard that should be applied when a court is considering whether to grant a petitioner's request to amend his original habeas petition: "[i]f an inmate complies with [the AEDPA one-year statute of limitations] deadline, the Federal Rules of Civil Procedure allow him, like any other civil litigant, to later amend his petition to add additional claims so long as those additional claims "<u>arose out of the conduct, transaction, or occurrence set out</u> - or attempted to be set out - in the original pleading." *Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 237 (3d Cir. 2017) (emphasis added), *cert. denied*, -- U.S. --, 2018 WL 490391 (Feb. 26, 2018).

In this case, any new claims sought to be added after May 8, 2016, are untimely because they are outside the one year statute of limitations under AEDPA.[1] Therefore, only if the relation

---

[1] Smith's judgment became final on May 31, 2010, when his opportunity to file a petition for writ of certiorari in the United States Supreme Court expired. He timely filed for PCRA relief on July 2, 2010, thirty-two days after his conviction became final on direct appeal. The AEDPA time period was tolled until the Supreme Court of Pennsylvania denied the Petition for Allowance

back rule of Federal Rule of Civil Procedure 15(c)(1)(B) applies can Smith be allowed to amend his petition to include these new claims. In *Wilkerson*, our appellate court instructed that claims merely arising from the same "conviction or sentence" cannot be enough to satisfy the relation back standard and that, in order to properly relate to one another, the claims in the amendment and the claims in the original petition must be 'tied to a common core of operative facts." *Wilkerson*, 871 F.3d at 237 (quoting *Mayle v. Felix*, 545 U.S. 644 , 664 (2005)).

Here, as noted supra, Smith's original petition asserts four claims, with multiple sub-claims, of ineffective assistance of counsel. His proposed supplemental petition asserts twelve additional sub-claims of ineffective assistance of counsel, ten of which do not relate to the original claims or allegations raised in the original petition. Thus, with the exception of claims (j) and (l) in the Supplemental Petition, the claims in the original Petition and the proposed Supplemental Petition are not tied to a common core of operative facts.

**Conclusion**

For all these reasons, after de novo review, the Court finds that because the new claims of the proposed supplemental petition (paragraph (a) - (i), inclusive and (k)) are not tied to a common core of operative facts with the four claims and subparts of the original Petition, the magistrate judge's decision was not contrary to law. Smith's objections will be denied.

It is so **ORDERED** this 7th day of March, 2018.

s/ DAVID STEWART CERCONE
David Stewart Cercone
Senior United States District Judge

---

of Appeal on June 10, 2015. Petitioner had 333 days from June 10, 2015, or until May 8, 2016 to file for federal habeas relief.

cc: Joseph Smith
GE4042
SCI Greene
175 Progress
Waynesburg, PA 15370
(*Via First Class Mail*)

Keaton Carr, Esquire
(*Via CM/ECF Electronic Mail*)