# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH SMITH**, | ) |
| | ) 2: 16cv0583 |
| Petitioner, | ) Electronic Filing |
| | ) |
| v. | ) Judge David Stewart Cercone |
| | ) |
| **THE ATTORNEY GENERAL OF THE STATE OF PENNSYVANIA, DISTRICT ATTORNEY OF ALLEGHENY COUNTY, TOM McGINLEY, Superintendent of SCI Coal Township,** | ) ) ) ) ) ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal (ECF No. 43)[1] filed by Petitioner Joseph Smith ("Smith" or "Petitioner") requesting review of the magistrate judge's Order dated April 4, 2019 (ECF No. 42) (the "Order"), which denied without prejudice Petitioner's motion for appointment of counsel.

Upon review of the matters raised by Petitioner, the Court concludes that the Order appealed from is neither clearly erroneous nor an abuse of discretion. Therefore, Petitioner's appeal will be dismissed.

### Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive

---

1     The Court has construed Plaintiff's filing, which is entitled "Objections to Magistrates Denial of Petitioner's Motion to Appoint Counsel and Grant Discovery," as an appeal to the

1

matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). Accord FED. R. CIV. P. 72(a), (b); Local Civil Rule 72.1(C)(2); see Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986).

The Order of April 4, 2019, was for a non-dispositive matter under 28 U.S.C. § 636(b)(1)(A) and, thus, will not be disturbed unless it is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (citing United States v. United States Gypsum Co., 333 U.S. 364 (1948)).

**Discussion**

Upon review of the record in this matter, the Court finds that the decision of the magistrate judge to deny Plaintiff's request for appointment of counsel was neither clearly erroneous nor contrary to law.

This is Petitioner's second request for appointment of counsel. As the magistrate judge explained, there is no federal right to habeas corpus counsel, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[the Supreme Court[ ha[s] never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"), and, because this is a noncapital case, Petitioner has no statutory right to counsel either. It is within the Court's discretion to appoint a financially eligible habeas petitioner counsel if it determines that the interests of justice so require.

---

district court.

28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); Section IV.A.2.b of the Criminal Justice Act Plan of the United States District Court for the Western District of Pennsylvania. Under Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must appoint counsel to represent a financially eligible petitioner if it authorizes discovery and determines that appointment is "necessary for effective discovery[.]" Under Rule 8(c), the Court must appoint counsel to represent a financially eligible petitioner if it determines that "an evidentiary hearing is warranted[.]"

The magistrate judge has determined that there are no grounds to support the appointment of counsel at this time and, therefore, denied without prejudice Petitioner's motion to appoint counsel. As the magistrate judge explained, in the event the Court subsequently determines that this case is one in which it should exercise its discretion and appoint Petitioner counsel, or is one in which it must appoint counsel for him, the Court will do so in accordance with its Criminal Justice Act Plan. Except in those habeas corpus cases where an evidentiary hearing is required, or "necessary for effective discovery," and not until that time, is the appointment of counsel required. See Rules Governing 2254 in the United States District Courts, Rules 6(a) and 8(c). Prior to such occurrence, the appointment of counsel is discretionary if the Court determines that the interests of justice so require.

For all these reasons, the Court finds that Petitioner has not shown that the magistrate

judge's ruling was clearly erroneous or contrary to law. Accordingly, Petitioner's appeal is **DENIED**.

It is so **ORDERED** on this the 26th day of June, 2019.

S/ David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc: JOSEPH SMITH  
GE-4042  
SCI - Greene  
175 Progress  
Waynesburg, PA 15370  
(via U.S. First Class Mail)

Keaton Carr  
Office of the District Attorney of Allegheny County  
(via ECF electronic notification)