IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH SMITH**, | ) |
| | ) 2:16cv0583 |
| Petitioner, | ) Electronic Filing |
| | ) |
| v. | ) Judge David Stewart Cercone |
| | ) |
| **ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, DISTRICT ATTORNEY OF ALLEGHENY COUNTY, and SUPERINTENDENT OF SCI-GREENE**, | ) ) ) ) ) ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

I.  **Introduction**

Before the Court is Petitioner's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 68). For the following reasons, the motion will be denied.

II.  **Background**

Petitioner, Joseph Smith ("Smith") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for second-degree murder and criminal conspiracy. In his petition, he raised four ineffective assistance of counsel claims, each containing multiple sub-issues. (ECF No. 1). The case was referred to United States Magistrate Judge Cynthia Reed Eddy for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Local Rules for Magistrate Judges.

After considering the habeas petition, the Respondents' Answer (ECF No. 17), including the original state court record and transcripts, and Smith's Reply (ECF No. 22), the Magistrate Judge Eddy on September 20, 2019, issued a substantial thirty-five page Report and Recommendation recommending that the petition be dismissed and a certificate of appealability denied. (ECF No. 45). After being granted two extensions of time to file objections, Smith on March 16, 2020, filed extensive objections, totaling twenty-nine typewritten pages. (ECF No. 55). The Court on April 7, 2020, after a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendations and objections, overruled Smith's objections, adopted the Report and Recommendation, and denied the Petition finding that there was no merit to Smith's ineffective assistance of counsel claims and a Judgment Order was entered. (ECF Nos. 56 and 57).

Thereafter, Smith filed a timely motion to extend time to file a motion for reconsideration. (ECF No. 58), which was granted. Smith thereafter filed a second motion to extend time (ECF No. 60), which also was granted and Smith was granted an extension until December 22, 2020 to file his motion for reconsideration. (ECF No. 67). On December 30, 2020, the Court received the instant motion to alter or amend judgment, which is dated December 21, 2020. (ECF No. 68). Giving Smith the benefit of the prisoner mail box rule, the motion will be deemed timely filed.

Smith claims that five errors "were prejudicial and effects his substantial rights under ground (2) and 3 of his original habeas corpus [petition]." Motion at 1. Specifically, Smith argues:

> Petitioner failed to direct the magistrate to the relevant facts in the record, which unfortunately caused a misapprehension of facts. Because of petitioners failure, the magistrate adopted the superior courts summarized review of the relevant facts on PCRA [see Report and Recommendation, pg. 2] that are not accurate and are material to the adjudication of this appeal. The magistrates finding was based on several errors of fact pretaining (sic) specifically to ground two and three of this original habeas corpus where petitioner failed to direct the magistrate to the relevant facts in the record.

Mot. at 2.

### III.   Discussion

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure. A motion for reconsideration under Rule 59(e) is used " 'to correct manifest errors of law or fact or to present newly discovered evidence'." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A party moving to alter or amend a judgment pursuant to Rule 59(e) faces a difficult burden. The applicant for reconsideration must show "at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Schumann v. Astrazeneca Pharm., L.P.*, 769 F.3d 837, 848 (3d Cir. 2014) (quoting *Max's Seafood Café*, 1876 F.3d at 677).

Such motions are devices of limited utility, not to be used as a means to relitigate or rehash legal principles and arguments already presented to, and rejected by the Court, nor to present additional arguments that could or should have been raised before judgment was entered. *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (motions for

reconsideration cannot be used to gain a "second bite" at the apple); *Harsco Corp. v. Zlotnicki*, 77 F.2d 906, 909 (3d Cir. 1985).

Applying the foregoing standards, the Court concludes that Smith has not demonstrated any of the applicable grounds for reconsideration. Smith by his own admission is presenting additional arguments that were not raised before judgment was entered. If he believed the magistrate judge had erred in stating material facts, he had the opportunity to challenge such facts in his objections, yet he did not do so.

Further, while Smith may disagree with the findings and outcome, the Court finds no basis to reconsider its earlier decision. Smith has failed to meet his burden to show, under *Strickland v. Washington,* 466 U.S. 668 (1984), that his trial counsel's performance fell below an objective standard of reasonableness and he suffered prejudice as a result of counsel's deficient performance. Because there is no merit to Smith's ineffective assistance of trial counsel claims, Smith's ineffective assistance of appellate counsel claims also fail.

An appropriate Order follows.


Dated: January 14, 2021                             s/ David Stewart Cercone
                                                    David Stewart Cercone
                                                    United States District Judge

cc: JOSEPH SMITH
GE-4042
SCI - Greene
175 Progress
Waynesburg, PA 15370
(via U.S. First Class Mail)

Alicia H. Searfoss
Keaton Carr
Office of the District Attorney of Allegheny County
(via ECF electronic notification)